POINT STREET IRON WORKS *vs.* EBBEN SIMMONS.

A. covenanted to convey realty to B., with full covenants of warranty. Subsequently B. negotiated a loan on the realty, and the attorney of the lender, to perfect the title, prepared a quitclaim deed from A. to B., which B., supposing it to conform to A.'s covenants, accepted. After discovering his error B. filed a bill in equity against A. for specific performance, praying that A. might be ordered to execute full covenants of warranty of title: —

*Held*, that B., having accepted the quitclaim under surprise and mistake, was entitled to the relief sought.

*Held*, further, that the incumbrances put on the realty by B. did not preclude the relief, as the covenants of warranty could be antedated, or could specially except these incumbrances.

BILL IN EQUITY.  On demurrer to the bill.  The facts are stated in the opinion of the court.

*L. & C. M. Salisbury*, and *Tillinghast & Ely*, in support of the demurrer, cited : *United States* v. *Munroe et al.* 5 Mason, 572 ; *Ferson* v. *Sanger et al.* 1 Woodb. & M. 138, 148 ; *Diman* v. *Prov., Warren & Bristol R. R. Co.* 5 R. I. 130 ; *Greene* v. *Harris*, 10 R. I. 382, 390 ; Kerr on Fraud & Mistake, 407, 421, 422, 428, and cases cited.

*Thurston, Ripley & Co.*, for the complainant, *contra*, referred to the following authorities : Kerr on Fraud & Mistake, 453 ; *Wintour* v. *Clifton*, 21 Beav. 447, 468 ; *Wake* v. *Wake*, 1 Ves. Jun. 335 ; *Reynard* v. *Spence*, 4 Beav. 103 ; *Kidney* v. *Coussmaker*, 12 Ves. Jun. 136.

Receiving a deed from the heirs of an ancestor, who had contracted to convey, is not a waiver of the right to a specific execution of the ancestor's contract.  *Trabue* v. *North*, 2 A. K. Mar. 361.

A contract by three to convey lands with warranty is not complied with by a deed of warranty by one of the three covenantors and a mere quitclaim by the other two.  *Lawrence* v. *Parker et al.* 1 Mass. 191.

If a party to a contract accepts and uses the subject matter thereof, in ignorance of a deficiency of performance, he will not be held to have waived his right to insist upon the defect being remedied.  *Veasie* v. *Bangor*, 51 Me. 509.  To nearly the same effect, *Van Buskirk* v. *Murden*, 22 Ill. 446 ; *Monroe* v. *Broadfield*, 30 Ga. 1.

A suit may be maintained to compel the performance of a con-

tract performed only in part, and a party will not be precluded by his acceptance of a deed in performance of the contract, when such acceptance was under a mistake as to the effect or contents of the deed. *Conover* v. *Wardwell*, 29 N. J. Eq. 266.

A party having rights under a contract, disclaiming those rights under a mistake as to their character, is not concluded by such disclaimer. *Williams* v. *Champion*, 6 Ohio, 169. See also *Fitzgerald* v. *Peck*, 4 Littell, 125.

*March* 3, 1877. DURFEE, C. J. The bill alleges that, on September 1, 1863, the defendant, being then the owner in fee simple of certain real estate in the city of Providence, bound himself by contract under seal to convey it to the plaintiffs, on fulfilment of the terms of sale, by deed in fee simple with full covenants of warranty. The bill alleges that the terms of sale were duly fulfilled. It also alleges that, on the 24th February, 1869, the plaintiffs were desirous of obtaining a loan from certain savings banks, upon the security of said estate; that the banks employed James G. Markland to examine the title; that Markland, acting in behalf of one of the banks, and not of the plaintiffs, caused a quitclaim deed to be made by the defendant to the plaintiffs to perfect the title; that the plaintiffs did not discover the mistake until after they had accepted the deed, supposing it to be in conformity with the agreement; and that, ever since discovering the mistake, they have demanded and claimed a warranty deed of the defendant, and he has refused to give it to them. The bill prays that the defendant may be decreed to specifically perform the contract by executing such a deed. The defendant demurs to the bill.

The question is whether the plaintiffs have lost their right to have the contract specifically performed. If they had accepted the quitclaim deed knowing it to be such, we might properly hold that they had waived their strict right and consented to a substituted performance. But they did not so accept it; they were surprised, and accepted it under a mistake, supposing it to be a warranty deed. Therefore no waiver or relinquishment can be inferred. The contract remains unperformed. See *Conover* v. *Wardwell*, 20 N. J. Eq. 266.

It is suggested they have lost their right because they have incumbered the property. But we think this need make no dif-

ference, for the warranty can be made excepting the incumbrances, or may be antedated so as to take effect simultaneously with the quitclaim deed.  It does not appear that they have incumbered the estate since discovering the mistake.  It is also objected that the plaintiffs are barred by their acquiescence or laches.  But we do not think we can so decide, from anything apparent on the face of the bill.  We think the demurrer must be overruled.                                    *Demurrer overruled.*